17775

Harold P. LORICK, Respondent, v. DAVIS FURNITURE COMPANY, Appellant

(119 S. E. (2d) 732)

*Frank A. Graham, Jr., Esq.,* of Columbia, *for Appellant,*

*Messrs. Golden & Lourie,* of Columbia, *for Respondent.*

May 5, 1961.

LEGGE, Justice.

Defendant appeals from an order overruling its demurrer to the complaint, the allegations of which are in substance as follows:

That on May 12, 1959, Mrs. Nancy K. Davis, acting as agent of the defendant Davis Furniture Co., advised the

plaintiff, a diamond merchant, that she wished to purchase a two-carat diamond ring, and requested him to come to her place of business and show her a number of such diamonds so that she might select one.

That plaintiff thereupon called upon Mrs. Davis at one of her places of business and showed her several diamonds, one of which, valued at $1,500.00, she said she wanted to buy; and Mrs. Davis then requested the plaintiff to have it mounted in a certain kind of setting, which the plaitniff thereafter, at a cost of $76.25, had done by a local jeweler.

That on May 18, plaintiff returned to Mrs. Davis' place of business with the ring, and at her request left it with her to show to her husband for his approval, with the understanding that Mrs. Davis and her husband would meet the plaintiff that afternoon at the place of business of the defendant, Davis Furniture Co., and give him their answer in regard to the purchase of said ring.

That at the appointed time plaintiff met with Mrs. Davis, who then and there refused to even discuss the matter of the ring unless and until the plaintiff should return certain articles of furniture, of the value of about $480.00, that he had purchased from the defendant some months before under two contracts, and on the purchase price of which he was delinquent in the amount of $105.00.

That, Mrs. Davis having declined his offer to pay the delinquent balance of $105.00, the plaintiff, who did not own the ring but held it on consignment, was thus forced to deliver the furniture in question in order to recover possession of the ring.

That Mrs. Davis never intended to buy the diamond, and her false representations concerning it, upon which the plaintiff relied, were part of a fraudulent scheme on the part of the defendant to unlawfully repossess the furniture before mentioned; all to the plaintiff's damage, actual and punitive, in the sum of $10,000.00.

The demurrer was upon the ground:

"That the complaint does not state facts sufficient to constitute a cause of action on the grounds that it appears on the face thereof:

"(1) That the defendant had a legal cause of action against the plaintiff under two alleged sales contracts, which were in default, to make demand for and have immediate possession of defendant's furniture then in the possession of plaintiff; whereas plaintiff had no legal cause of action for the immediate possession of the ring in the possession of Mrs. Nancy K. Davis, but only an action on account of the agreed price for said ring and diamond mounted therein;

"(2) That the plaintiff and Mrs. Nancy K. Davis mutually entered into an agreement for valuable consideration whereby plaintiff delivered to defendant possession of the furniture belonging to the defendant and Mrs. Nancy K. Davis delivered to plaintiff a certain ring that she had in her possession."

The order overruling the demurrer reads as follows:

"After a hearing had this day upon the demurrer interposed in this case by the defendant, and after due consideration of the verified pleadings herein and the arguments and citations of the attorneys for both parties, I am of the opinion that the said demurrer should be, and it hereby is, overruled."

In our opinion the grounds upon which the demurrer was based are without merit. Although numbered as two, they were actually three, which we shall now examine.

1. The first charges that the complaint fails to state a cause of action because it shows on its face that the defendant was entitled to immediate possession of the furniture by reason of the plaintiff's default under the two alleged sales contracts. But the complaint does not so allege; it merely states that there were two contracts; it does not state that they were conditional sales contracts, or

that the plaintiff's purchases were secured by chattel mortgages, or that his delinquency in the payment of the purchase price gave rise to any right in the seller to repossess.

2. The second charges that the complaint is insufficient because it shows on its face that the plaintiff had only a right of action for the agreed price of the ring and the diamond mounted therein. But the complaint does not allege that any sale of the ring was agreed upon; and at all events the cause of action that the plaintiff was trying to allege was not one for goods sold and delivered, or for breach of contract to purchase, but rather for fraud and deceit.

3. The third charges that the complaint fails to state a cause of action because it shows on its face that the plaintiff delivered the furniture to the defendant and Mrs. Davis delivered the ring to the plaintiff under a mutual agreement entered into between Mrs. Davis and the plaintiff for valuable consideration. But on the contrary the complaint alleges that delivery of the furniture by the plaintiff was made under duress.

Appellant's six exceptions charge, among other things, that the complaint failed to allege any fraudulent acts resulting in damage to the plaintiff; and its brief on appeal is prefaced by the statement that the questions involved are: (1) "Does the complaint allege a cause of action for fraud and deceit?"; and (2) "Can fraud be presumed or implied where appellant acted within its legal right?" The respondent has filed no brief.

In our opinion the demurrer, before analyzed, did not raise the issue of the sufficiency of the complaint to state a cause of action for fraud and deceit. The order overruling it does not indicate upon what ground it was based; and we cannot assume that such issue, not properly raised, was argued before the trial judge or passed upon by him. Upon the demurrer as drawn we think that he reached the correct result, and his order is therefore affirmed.

TAYLOR, C. J., and OXNER, MOSS and LEWIS, JJ., concur.